IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JUSTIN SCHNEIDER,<br>individually and on behalf of<br>THE ESTATE OF WENDY SCHNEIDER<br><br>        Plaintiff,<br><br>v.<br><br>SIG SAUER, INC.,<br><br>        Defendant. | Civil Action No.: 1:20-cv-01190<br><br>**DEFENDANT SIG SAUER, INC.'S<br>ANSWER AND AFFIRMATIVE<br>DEFENSES** |

Defendant SIG SAUER, INC. ("SIG"), through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint [Dkt. 1], and would respectfully submit as follows:

## SUMMARY AND NATURE OF ACTION[1]

SIG denies all of Plaintiff's allegations contained in the un-numbered "Summary and Nature of Action" section of the Complaint except to the extent certain allegations are admitted as detailed below. With respect to Plaintiff's legal conclusions contained within this section, SIG specifically denies any alleged liability in connection with such legal conclusions and respectfully refers all questions of law to this Honorable Court.

SIG admits that this action purportedly involves a P320 pistol that was designed and manufactured by SIG but denies Plaintiff's characterization or description of the subject P320 pistol. SIG has not had an opportunity to inspect the pistol that is the subject of this action and, therefore, SIG cannot confirm any details about the subject pistol. Additionally, SIG specifically

---

[1] SIG is including the headings used in Plaintiff's Complaint for ease of reference only. SIG expressly denies the truth of any allegations contained in such headings.

denies Plaintiff's allegations that SIG was negligent and denies that the subject P320 pistol was defectively manufactured or designed.

With respect to Plaintiff's description of how the subject incident occurred and the injuries allegedly sustained by decedent Wendy Schneider, SIG is without sufficient knowledge to either admit or deny those allegations and therefore leaves Plaintiff to his proof.

With respect to Plaintiff's limited citations to certain incomplete statements attributed to SIG regarding the P320 pistol, SIG responds that such statements must be placed into context and the statements speak for themselves, and SIG specifically denies any allegations that the cited statements were in any way false, misleading or otherwise inaccurate.

To the extent any allegations contained within the "Summary and Nature of Action" section are not specifically addressed above, such allegations are denied.

## JURISDICTION

1.     SIG admits that jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, and that SIG has a principal place of business in New Hampshire and is a citizen of New Hampshire. SIG denies knowledge and information sufficient to form a belief as to the truth of Plaintiff's citizenship or the amount in controversy.

## VENUE

2.     SIG admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## PARTIES

3.     SIG denies that any injuries sustained by decedent Wendy Schneider resulted from any negligence or breach of warranty by SIG or deceptive marketing practices of SIG. SIG denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.     SIG admits that it is a foreign profit corporation with a principal office address of 72 Pease Boulevard, Newington, New Hampshire 03801, and that it designs and manufactures firearms and rifles, which are sold to third-party distributors, dealers and various law enforcement and governmental agencies throughout the United States and internationally. SIG denies the allegation regarding its relationship with SIG GmbH as stated, but SIG admits the remaining allegations regarding its prior history. SIG denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint as stated, including specifically the allegation that SIG "markets and sells [firearms] directly and through dealers."

6.     SIG admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## ALLEGATIONS

7.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, except that SIG denies the subject P320 pistol could have discharged without the trigger being pulled.

9.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, except that SIG denies the subject P320 pistol could have discharged without the trigger being pulled.

10.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     The language quoted in Paragraph 12 of Plaintiff's Complaint is incomplete and not put into context.  To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself.

13.     The language quoted in Paragraph 13 of Plaintiff's Complaint is incomplete and not put into context.  To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself.  SIG further denies that the subject incident occurred without the trigger of the subject P320 pistol being pulled.

14.     SIG admits that the product manual for the P320 model pistols previously issued plainly warned as follows:



**⚠ WARNING  – DROPPED PISTOL**

If dropped, the pistol may fire. Keep the chamber empty unless actually firing!

**ANY FIREARM MAY FIRE IF DROPPED**

SIG denies that this statement is contradictory to other statements made by SIG regarding the P320 model pistol, and SIG denies any remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the Paragraph 15 of Plaintiff's Complaint.

16.     SIG admits that the P320 is the first striker-fired pistol designed and manufactured by SIG.  SIG further admits that the information contained in footnote 1 generally describes how a striker-fired pistol operates, but the description is incomplete and does not discuss internal safeties contained within the P320 model pistol such as the striker safety, which prevent the pistol from firing without trigger actuation. SIG denies any remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     SIG admits that the U.S. Army selected a variant of the P320 model pistol, referred to as the M17 and M18 Modular Handgun System, as its new service weapon with the contract being awarded to SIG in January 2017.  SIG further admits that it worked with the army to make various modifications and performance improvements to the M17/M18 pistols during 2017.  To the extent that Plaintiff are making allegations regarding the graphic contained in Paragraph 17, SIG denies them and specifically denies that the firearm shown in the graphic is a P320 pistol. SIG denies any remaining allegations contained in the Paragraph 17 of Plaintiff's Complaint.

18.     SIG admits that it worked with the Army to make various modifications and performance improvements to the M17/M18 pistols during 2017.  SIG denies the allegations contained in Paragraph 18 of Plaintiff's Complaint as stated and further states that the document referenced by Plaintiff speaks for itself.

19. SIG denies the allegations contained in Paragraph 19 of Plaintiff's Complaint as stated.

20. SIG denies the description of the Connecticut incident as alleged in Paragraph 20 of Plaintiff's Complaint. With respect to the language attributed to the P320 owner's manual, SIG admits that the quoted language appears in the P320 owner's manual but denies that the statement is complete or put into the proper context. To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself. SIG denies any remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. SIG denies the characterization of SIG's warning contained in the P320 owner's manual and further states that the referenced document speaks for itself. SIG denies knowledge and information sufficient to form a belief as the truth of the allegation regarding representations made by other firearms manufacturers. SIG denies any remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. SIG responds that any warnings and instructions contained in the P320 owner's manual speak for themselves. SIG denies Plaintiff's characterization of any of its statements as contained in Paragraph 22 of Plaintiff's Complaint and denies any remaining allegations contained in that paragraph.

23. SIG responds that the language quoted in Paragraph 23 of Plaintiff's Complaint is incomplete and not put into context. To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself.

24.     SIG admits that the P320 pistol was first released for sale in 2014.  SIG denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint, and SIG specifically denies that the P320 model pistol was, at any time, unreasonably dangerous.

25.     SIG denies the allegations contained in Paragraph 25 of Plaintiff's Complaint as stated.

26.     SIG admits that it shipped P320 pistols to the Department of Homeland Security in or around 2018, which is entirely irrelevant to this action, which involves a P320 model pistol purchased by Wendy Schneider, not the Department of Homeland Security.  SIG denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint, and SIG specifically denies that the P320 model pistol was defective in its design and unreasonably dangerous.

27.     SIG admits that it was aware of allegations of negligent discharges of the P320 and other pistols in 2018 and further admits that the vast majority of these negligent discharges were the result of the user inadvertently pulling the trigger.  SIG denies any remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     SIG denies the allegations contained in Paragraph 28 of Plaintiff's Complaint as stated.

29.     The allegations contained in Paragraph 29 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.  Upon information and belief, the incident described in Paragraph 29 of Plaintiff's Complaint, to the extent true, did not involve a P320 model pistol.

30.     The allegations contained in Paragraph 30 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 30 of

Plaintiff's Complaint. Upon information and belief, the incidents described in Paragraph 30 of Plaintiff's Complaint, to the extent true, did not involve a P320 model pistol.

31. SIG admits that in February 2016, a Roscommon, Michigan Sheriff's Deputy was involved in a negligent discharge incident involving a P320 pistol. SIG further responds that the Roscommon County Sheriff's Office investigated the incident and determined that the seatbelt buckle in the deputy's cruiser became entangled in the trigger area of his holstered pistol – which was holstered on the deputy's left hip level with the retracted seatbelt buckle – causing the trigger to be pulled as the deputy exited his vehicle. SIG further admits that the deputy's bodycam was on at the time of the discharge, but denies that the subject P320 pistol, holster or seatbelt are visible on the video. SIG denies any remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. SIG admits that it is aware of an alleged incident of negligent discharge in Surprise, AZ in 2016, but SIG denies that that discharge occurred without a trigger pull as alleged in Paragraph 32 of Plaintiff's Complaint. SIG further responds that an investigation into that incident determined that the P320 pistol discharged when the seatbelt buckle in the officer's cruiser became entangled in the trigger area of his holstered pistol – which was holstered on the officer's left hip level with the retracted seatbelt buckle – and caused the trigger of the pistol to be pulled. SIG denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. SIG denies the allegations contained in Paragraph 33 of Plaintiff's Complaint as stated.

34. SIG admits that it is aware of an alleged incident that occurred in October 2016 in South Carolina involving Mr. Frankenberry, but SIG denies that the subject P320 pistol discharged

in that incident without a trigger pull. SIG denies any remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.    SIG admits that it is aware of an incident involving a Holmes Beach, Florida officer who was injured when his P320 pistol discharged following an overnight shift. SIG further responds that the investigation into that incident determined that the officer inadvertently pulled the trigger as he was attempting to unload the pistol. SIG denies any remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.    The allegations contained in Paragraph 36 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 36 of Plaintiff's Complaint. Upon information and belief, the incidents described in Paragraph 36 of Plaintiff's Complaint, to the extent true, did not involve a P320 model pistol.

37.    SIG admits that a Connecticut police officer alleged that he was injured when he dropped an unsecured P320 pistol while transporting it to his vehicle, but SIG denies the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.    SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 38 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.    SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 39 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.    SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 40 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     SIG admits that it sold P320 pistols to the Loudon County Sheriff's Office in or around June 2017, which is entirely irrelevant to this action which involves a P320 model pistol purchased by Wendy Schneider, not the Loudon County Sheriff's Office. SIG denies any remaining allegations contained in Paragraph 41 of Plaintiff's Complaint, including any allegations contained in footnote 2.

42.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 42 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     SIG admits that a suit regarding a P320 model pistol was filed in Connecticut state court on or around August 4, 2017 and subsequently removed to the United States District Court for the District of Connecticut. SIG further admits that the suit alleged a negligent discharge of an unsecured P320 pistol that was dropped caused the plaintiff injury. SIG denies any remaining allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     SIG admits that there had been no drop-related P320 incidents in the U.S. commercial market that were reported to SIG as of August 2017, when SIG's CEO made a statement to that effect. SIG denies any allegations related to the statement contained in Paragraph 44 of Plaintiff's Complaint, which speaks for itself.

45.     SIG denies the allegations contained in Paragraph 45 of Plaintiff's Complaint as stated.

46.     SIG admits that it announced the "P320 Voluntary Upgrade Program" on August 8, 2017. The language quoted in Paragraph 46 of Plaintiff's Complaint is incomplete and not put into context. To the extent Plaintiff is making any allegations in connection with the quoted

language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document, in its full and complete version, speaks for itself.

47.    SIG denies the allegations contained in Paragraph 47 of Plaintiff's Complaint as stated.

48.    SIG admits that firearms are not regulated by the Consumer Product Safety Commission.  SIG denies the remaining allegations contained in Paragraph 48 of Plaintiff's Complaint as stated.

49.    SIG denies the allegations contained in Paragraph 49 of Plaintiff's Complaint as stated.

50.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint as stated.

51.    The allegations contained in Paragraph 51 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.    SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 52 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.    The allegations contained in Paragraph 53 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.    SIG admits that Loudon County, Virginia deputy sheriff Marcie Vadnais was injured when she pulled the trigger on her P320 pistol as she was trying to remove her holstered

firearm from her belt while seated in her department-issued vehicle. SIG denies the remaining allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     SIG denies the allegations contained in Paragraph 55 of Plaintiff's Complaint as stated.

56.     SIG denies the allegations contained in Paragraph 56 of Plaintiff's Complaint as stated.

57.     SIG admits that in or around April 2018, it sent a supplemental reminder to all P320 owners reminding them of the presence of the free upgrade program. SIG further admits that the P320 model pistol has never been recalled. SIG denies any remaining allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 58 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 59 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     SIG admits that it was notified of an incident involving the discharge of a Rancho Cucamonga police officer's P320 pistol. SIG further responds that following an internal investigation by the Rancho Cucamonga Police Department, it was determined that a set of keys attached to the outside of a bag being carried by the officer had become inserted in the trigger area of the officer's P320, causing the trigger to be pulled. SIG denies any remaining allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. SIG lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. SIG admits that it is aware of an alleged incident that allegedly occurred in October 2018 in Kentucky involving Mr. Mayes, but SIG denies that the subject P320 pistol discharged in that incident without a trigger pull. SIG denies any remaining allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. SIG admits that it is aware of an alleged incident that allegedly occurred in December 2018 involving Mr. Lang as alleged in Paragraph 63 of Plaintiff's Complaint, but SIG denies that the P320 pistol involved in that incident could have fired without the trigger being pulled.

64. SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 64 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. SIG denies knowledge and information sufficient to form a belief as to the truth of the allegation contained in Paragraph 65 of Plaintiff's Complaint. SIG admits that the language quoted in footnote 3 is included in written information produced by SIG, but SIG denies that having an armorer's certification is relevant to safe firearm handling practices as it relates to the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. SIG denies the allegations contained in Paragraph 66 of Plaintiff's Complaint as stated. Upon information and belief, the Somerville Police Department investigated the referenced negligent discharge incident and determined that the subject P320 pistol was unsecured inside a gym bag and while it was being carried, something inside the gym bag caused the trigger to be pulled.

67.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 67 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 70 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 71 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     SIG admits that Major Villani issued a report on his purported inspection of a P320 model pistol as alleged in Paragraph 72, but SIG denies that the information contained in Major Villani's report is accurate.  SIG denies any remaining allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 73 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     SIG denies knowledge and information sufficient to form a belief as to the truth of the matters contained in Paragraph 74 of Plaintiff's Complaint.

75.     SIG denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76. SIG denies knowledge and information sufficient to form a belief as to the truth of the matters contained in Paragraph 76 of Plaintiff's Complaint.

77. SIG denies knowledge and information sufficient to form a belief as to the truth of the matters contained in Paragraph 77 of Plaintiff's Complaint.

78. SIG admits that there have been prior instances of negligent discharges at the Sig Sauer Academy, but denies the allegations contained in Paragraph 78 of Plaintiff's Complaint as stated.

79. SIG admits that the P320 model pistol has never been recalled. SIG denies any remaining allegations contained in Paragraph 79 of Plaintiff's Complaint.

80. SIG admits that certain of the language cited in Paragraph 80 of Plaintiff's Complaint appeared in an interview of SIG's former Chief Financial Officer, but the statements are incomplete and not put into context. As such, SIG denies any allegations contained within Paragraph 80 of Plaintiff's Complaint and further state that the document speaks for itself as to the statements attributed to Mr. Scullin.

81. SIG admits that certain of the language cited in Paragraph 81 of Plaintiff's Complaint appeared in an interview of SIG's former Chief Financial Officer, but the statements are incomplete and not put into context. As such, SIG denies any allegations contained within Paragraph 81 of Plaintiff's Complaint and further state that the document speaks for itself as to the statements attributed to Mr. Scullin.

## COUNT I

## NEGLIGENCE

82.     In response to Paragraph 82 of Plaintiff's Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 81 as though fully set forth herein.

83.     SIG admits that certain duties are owed with respect to the design, manufacture and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties.  SIG denies any remaining allegations contained in Paragraph 83 of Plaintiff's Complaint, and respectfully refers all questions of law to this Honorable Court.

84.     SIG admits that certain duties are owed with respect to the design, manufacture and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties.  SIG denies any remaining allegations contained in Paragraph 84 of Plaintiff's Complaint, and respectfully refers all questions of law to this Honorable Court.

85.     SIG admits that certain duties are owed with respect to the design, manufacture and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties.  SIG denies any remaining allegations contained in Paragraph 85 of Plaintiff's Complaint, and respectfully refers all questions of law to this Honorable Court.

86.     SIG denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     SIG denies the allegations contained in Paragraph 87 of Plaintiff's Complaint, including the allegations contained in subparts i. – viii., and respectfully refers all questions of law to this Honorable Court.

88.     SIG denies the allegations contained in Paragraph 88 of Plaintiff's Complaint, and respectfully refers all questions of law to this Honorable Court.

89. SIG denies the allegations contained in Paragraph 89 of Plaintiff's Complaint, and respectfully refers all questions of law to this Honorable Court.

90. SIG denies the allegations contained in Paragraph 90 of Plaintiff's Complaint, and respectfully refers all questions of law to this Honorable Court.

91. SIG denies the allegations contained in Paragraph 91 of Plaintiff's Complaint, and respectfully refers all questions of law to this Honorable Court.

## COUNT II

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

92. In response to Paragraph 92 of Plaintiff's Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 91 as though fully set forth herein.

93. SIG admits that it markets, sells and distributes certain firearms, including the P320 model pistol, but denies any remaining allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. SIG denies the allegations contained in Paragraph 94 of Plaintiff's Complaint as alleged, and respectfully refers all questions of law to this Honorable Court.

95. SIG denies the allegations contained in Paragraph 95 of Plaintiff's Complaint, including the allegations contained in subparts i. – vi., and respectfully refers all questions of law to this Honorable Court.

96. SIG denies the allegations contained in Paragraph 96 of Plaintiff's Complaint, and respectfully refers all questions of law to this Honorable Court.

97. SIG denies the allegations contained in Paragraph 97 of Plaintiff's Complaint, and respectfully refers all questions of law to this Honorable Court.

## COUNT III

## BREACH OF EXPRESS WARRANTY

98.     In response to Paragraph 98 of Plaintiff's Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 97 as though fully set forth herein.

99.     SIG admits that it markets, sells and distributes certain firearms, including the P320 model pistol, but denies any remaining allegations contained in Paragraph 99 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

100.    The allegations contained in Paragraph 100 of Plaintiff's Complaint contain legal conclusions and, as such, SIG denies such allegations and holds Plaintiff to his proof.  SIG respectfully refers all questions of law to this Honorable Court.

101.    SIG denies the allegations contained in Paragraph 101 of Plaintiff's Complaint, and respectfully refers all questions of law to this Honorable Court.

102.    SIG denies the allegations contained in Paragraph 102 of Plaintiff's Complaint, including the allegations contained in subparts i. – vii., and respectfully refers all questions of law to this Honorable Court.

103.    SIG denies the allegations contained in Paragraph 103 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

## COUNT IV

## STRICT LIABILITY

104.    In response to Paragraph 104 of Plaintiff's Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 103 as though fully set forth herein.

105.    SIG admits that it markets, sells and distributes certain firearms, including the P320 model pistol, but denies any remaining allegations contained in Paragraph 105 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

106.    SIG denies the allegations contained in Paragraph 106 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

107.    SIG denies the allegations contained in Paragraph 107 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

108.    SIG denies the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.    SIG denies the allegations contained in Paragraph 109 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

110.    SIG denies the allegations contained in Paragraph 110 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

## COUNT V

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

111.    In response to Paragraph 111 of Plaintiff's Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 110 as though fully set forth herein.

112.    SIG admits that certain duties are owed with respect to the design, manufacture and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties.  SIG denies any remaining allegations contained in Paragraph 112 of Plaintiff's Complaint, and respectfully refers all questions of law to this Honorable Court.

113.    SIG denies the allegations contained in Paragraph 113 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

114.     SIG denies the allegations contained in Paragraph 114 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

## COUNT VI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

115.     In response to Paragraph 115 of Plaintiff's Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 114 as though fully set forth herein.

116.     SIG denies the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.     SIG admits that it has not issued a mandatory recall of the P320 pistol, and SIG further states that it does not have the ability to issue a mandatory recall of any firearm because attempting to do so would violate the Second Amendment.  SIG denies all remaining allegations contained in Paragraph 117 of Plaintiff's Complaint.

118.     SIG denies the allegations contained in Paragraph 118 of Plaintiff's Complaint, including specifically denying the allegations that it acted irresponsibly or that the subject P320 pistol is defective.

119.     SIG denies the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.     SIG denies the allegations contained in Paragraph 120 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

121.     SIG denies the allegations contained in Paragraph 121 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

122.     SIG denies the allegations contained in Paragraph 122 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

## COUNT VI[2]

## WRONGFUL DEATH

123.    In response to Paragraph 123 of Plaintiff's Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 122 as though fully set forth herein.

124.    SIG denies the allegations contained in Paragraph 124 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

125.    SIG denies the allegations contained in Paragraph 125 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

126.    SIG denies the allegations contained in Paragraph 126 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

127.    SIG denies the allegations contained in Paragraph 127 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Sig Sauer, Inc., by counsel, respectfully requests that nothing be taken by way of Plaintiff's Complaint, that judgment be entered in SIG's favor, and for all other relief as is just and proper.

---

[2] Plaintiff's Complaint incorrectly labels this Count as "Count VI" when it should be Count VII.

## AFFIRMATIVE DEFENSES

### AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint herein, and each and every cause of action as presently contained therein, fails to state facts sufficient to constitute a valid cause of action upon which relief may be granted as against this answering Defendant.

### AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

If Plaintiff incurred any damages as alleged in the Complaint, such damages were incurred wholly as a result of modification and/or alteration of the product at issue, without any negligence or breach of warranty on behalf of Defendant.

### AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

The damages alleged to have been sustained by the Plaintiff were caused in whole or in part by the negligence and culpable conduct of the Plaintiff and, therefore, the amount of damages, if any, recovered by the Plaintiff should be reduced pursuant to N.H. R.S.A. Section 507:7-d in that proportion to which the culpable conduct attributed to the Plaintiff and/or other parties bears to the culpable conduct which caused said purported damages.

### AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

Plaintiff were careless and negligent in and about the matters alleged in the Complaint, and this carelessness and negligence on Plaintiff's part acted as the cause of Plaintiff's injuries, loss and damages complained of, such that Plaintiff are barred and precluded from recovering all, or such portion of, Plaintiff's damages to the extent that the Plaintiff was responsible therefore.

## AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

That at the time and place of the incident described in Plaintiff's Complaint on file herein, and prior thereto, Plaintiff had knowledge of all risks and danger of loss and that said risks and dangers were obvious and apparent and further known by the Plaintiff and voluntarily assumed by them.

## AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

If the Plaintiff in this action sustained injuries, such injuries were due, either in whole or in part, to the negligence of third-parties over whom this answering Defendant had no control or right to exercise such control.

## AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff have failed to mitigate his damages as required under law.

## AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff or other persons were negligent in the care and/or maintenance of the product at issue, and any loss, damage or injury, sustained by the Plaintiff, was solely, actually, directly and legally caused thereby.

## AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

While the Defendant denies the allegations of negligence, breach of warranty, liability, injury and damages, if proven, they were the result of intervening and/or interceding acts of superseding negligence and/or on the part of parties over which the Defendant neither controls nor

has/had the right to control, and for which acts or omissions the Defendant is not legally responsible.

## AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE

Defendant asserts that this action is subject to N.H. R.S.A. Section 507:7-e, and in accordance with the limitations of joint and several liability, Defendant cannot be held liable in excess of its proportionate share of liability.

## AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE

Defendant breached no duty to Plaintiff.

## AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE

In the event that Plaintiff recover a judgment against Defendant, in whole or in part, for damages allegedly sustained by the Plaintiff, this answering Defendant is entitled to a set-off reduction for any damages awarded for economic loss, and for any such past or future costs or expenses which were or will, with reasonable certainty, be reimbursed or indemnified in whole or in part from any collateral source including, but not limited to insurance.

## AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE

Any oral warranties upon which Plaintiff relied are inadmissible and unavailable because of the provision of the applicable statute of frauds as provided in the Uniform Commercial Code ("UCC") Section 2-201.

## AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff have failed to give proper and prompt notice of any alleged breach of warranty to the Defendant and, accordingly, any claims based on breach of warranty are barred according to the provisions of UCC Section 2-607.

## AS AND FOR DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE

In the event that any person or entity liable or claimed to be liable for the injuries and damages alleged in this action has been given or may thereafter be given a release or a covenant not to sue, this Defendant will be entitled to protection and the corresponding reduction of any damages which may be determined to be due against this Defendant.

## AS AND FOR DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE

The Defendant reserves all rights to rely upon further defenses which become available or arise during discovery proceedings in this action, and hereby specifically reserves the right to amend its Answer for the purposes of asserting any such additional defenses.

## AS AND FOR DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged in the Complaint are, in whole or in part, including any breach of warranty claim, barred by the appropriate statute of limitations.

## AS AND FOR DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged in the Complaint are, in whole or in part, including any breach of warranty claim, barred by estoppel.

## AS AND FOR DEFENDANT'S NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged in the Complaint are, in whole or in part, including any breach of warranty claim, barred by waiver.

## AS AND FOR DEFENDANT'S TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the "knowledgeable user" or "knowledgeable intermediary" doctrine.

## AS AND FOR DEFENDANT'S TWENTY-FIRST AFFIRMATIVE DEFENSE

There is no basis in law or fact for the imposition of punitive damages with respect to Plaintiff's claims against SIG. There is no clear and convincing evidence that SIG was guilty of willful misconduct, malice, fraud, wantonness, oppression or entire want of care that would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff are not entitled to recover punitive damages in any sum whatsoever.

## AS AND FOR DEFENDANT'S TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, to the extent it seeks recovery of exemplary or punitive damages, violates SIG's right to protection from "excessive fines" as provided by the Eighth Amendment to the United States Constitution and right to procedural due process under the Fourteenth Amendment of the United States Constitution, and therefore, fails to state a cause of action or set forth a claim upon which such damages can be awarded. The claim for "punitive damages" is barred by the provisions of Article VI of the Constitution of the United States.

## AS AND FOR DEFENDANT'S TWENTY-THIRD DEFENSE

SIG reserves its right to amend this Answer as may be needed based on additional information learned through discovery.

## **JURY DEMAND**

SIG hereby demands a jury trial in accordance with Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Sig Sauer, Inc. respectfully requests that this Court enter judgment herein dismissing Plaintiff's Complaint against it in its entirety, together with such other, further and different relief as this Court deems just and proper, and in the event that Plaintiff obtains a verdict against SIG, demands that such verdict be reduced by the amount of Plaintiff's culpable conduct.

DATED at Portland, Maine this 29th day of January, 2021.

/s/ Mark V. Franco
Mark V. Franco, Esq., NH Bar No. 16708
*Counsel for Defendant*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME 04101
Tel. (207) 772-1941
Mfranco@dwmlaw.com

## CERTIFICATE OF SERVICE

I, Mark V. Franco, hereby certify that on this 29th day of January, 2021, I caused the foregoing to be filed with the Clerk of Court using the CM/ECF system which will send electronic service of same to:

Benjamin T. King, Bar No. 12888
Megan Douglass, Bar No. 19501
Douglas, Leonard & Garvey, P.C.
14 South Street, Ste. 5
Concord, NH 03301
(603) 224-1988
benjamin@nhlawoffice.com
mdouglass@nhlawoffice.com

/s/ Mark V. Franco
Mark V. Franco, Esq., NH Bar No. 16708
*Counsel for Defendant*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME 04101
Tel. (207) 772-1941
Mfranco@dwmlaw.com