IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JUSTIN SCHNEIDER,<br>individually and on behalf of<br>THE ESTATE OF WENDY SCHNEIDER<br><br>              Plaintiff,<br><br>v.<br><br>SIG SAUER, INC.,<br><br>              Defendant. | Case No.: 1:20-cv-01190-LM |

**JOINT PROPOSED DISCOVERY PLAN**
**Fed. R. Civ. P. 26(f)**

**DATE/PLACE OF CONFERENCE:** March 9, 2021, via teleconference and March 10, 2021, via e-mails

**COUNSEL PRESENT/REPRESENTING:**

Jessica L. Hays, Esq., Benjamin T. King, Esq., and Jeffrey S. Bagnell, Esq. for Plaintiff Justin Schneider;

Mark Franco, Esq. and Brian Keith Gibson, Esq. for Defendant Sig Sauer, Inc.

## CASE SUMMARY

**THEORY OF LIABILITY:**

In this action, Plaintiff seeks damages and equitable relief relating to defendant Sig Sauer, Inc.'s alleged negligence and defective design regarding a semi-automatic firearm. Specifically, this case involves a striker-fired, semi-automatic gun known as the "P320" that has fired on law enforcement agents and civilians across the nation over the last four years without the trigger being pulled.

**THEORY OF DEFENSE:**

It is Sig Sauer's position that the design of the P320 model pistol prevents the pistol from firing without a trigger pull due to multiple internal safeties. As a result, it is Sig Sauer's position that the subject incident, and other prior incidents referenced by plaintiff, resulted from an inadvertent trigger pull.

**DAMAGES:**

Plaintiff seeks recovery of economic and non-economic damages resulting from the incident and the wrongful death of his wife from the same. Plaintiff seeks compensatory damages, as well as enhanced damages to the extent available.

**JURISDICTIONAL QUESTIONS:** None at this time.

**QUESTIONS OF LAW:** None at this time.

**TYPE OF TRIAL:** Jury

## SCHEDULE

**TRACK ASSIGNMENT:** STANDARD – 12 MONTHS

**TRIAL DATE:** 2-week period beginning November 8, 2022.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** If defendant claims that unnamed parties are at fault on a State law claim (see DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793 (2006)), defendant shall disclose the identity of every such party and the basis of the allegation of fault by May 14, 2021. Plaintiff shall then have 30 days from the date of disclosure to amend the Complaint.

**AMENDMENT OF PLEADINGS:**

Plaintiff:  June 15, 2021          Defendant:  July 14, 2021

**JOINDER OF ADDITIONAL PARTIES:**

Plaintiff:  June 15, 2021          Defendant:  July 14, 2021

**THIRD-PARTY ACTIONS:** June 15, 2021

**MOTIONS TO DISMISS:** July 14, 2021

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Plaintiff:  February 1, 2022          Defendant:  April 1, 2022

Supplementations under Rule 26 (e) due May 16, 2022.

**COMPLETION OF DISCOVERY:** June 1, 2022

**MOTIONS FOR SUMMARY JUDGMENT:** July 1, 2022

**CHALLENGES TO EXPERT TESTIMONY:** July 1, 2022

## DISCOVERY

**DISCOVERY NEEDED:**

Plaintiff:
Prior incidents of un-commanded discharges of the P320 and Defendant's knowledge of same.

Defendant:
Inspection and examination of the subject pistol. Details on the subject incident, plaintiff's injuries and claimed damages. Expert discovery regarding plaintiff's theory of defect and causation.

**INTERROGATORIES:** A maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. Civ. P. 29.

**REQUESTS FOR ADMISSION:** A maximum of 20 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:** A maximum of 10 depositions by plaintiff and 10 depositions by defendant. Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties.

**ELECTRONIC DISCOVERY:** Subject to the right to assert any applicable objections, the parties will respond in good faith to any request for documents maintained in electronic format as permitted under Fed. R. Civ. P. 34. Each party reserves the right to object to any request that is not relevant to any party's claim or defense and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, which may be subject to court review. The parties acknowledge that they have an ongoing duty to preserve all evidence (including ESI) which may be relevant to this action. The parties agree to negotiate in good faith the scope of any searches for relevant ESI (including emails), including by negotiating the custodian files or mailboxes to be searched and the search terms to be used. The searches will be designed to capture ESI relevant to the claims and defenses in this case. Both parties reserve their rights with respect to further requests for production in other forms.

The parties anticipate filing an Assented Motion for a Protective Order regarding the confidentiality of information produced during discovery.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

The parties will abide by Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information, irrespective of the format the information is produced in.  The parties further agree that such inadvertent production of any privileged materials will not waive a party's claim of privilege provided the party claiming privilege takes reasonable steps to rectify the error, including complying with the requirements of Fed. R. Civ. P. 26(b)(5)(B).

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**  Potential settlement cannot be evaluated prior the parties engaging in expert discovery regarding plaintiff's alleged defect and causation.

**JOINT STATEMENT RE MEDIATION:**  The parties will notify the Court whether mediation will occur following the exchange of expert reports and depositions of the parties' liability experts.

**TRIAL ESTIMATE:**  10 days

**WITNESS AND EXHIBITS:**

- Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.

- Objections are due 14 days after service of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:**  The parties do not request a preliminary pretrial conference but plan to attend the conference scheduled for May 17, 2021, at 10:30 a.m. unless otherwise notified.

**OTHER MATTERS:**  None at this time.

- 5 -

        Respectfully submitted,

        JUSTIN SCHNEIDER,
        By his attorneys,

Dated:  March 11, 2021        /s/ Benjamin T. King
        Benjamin T. King, NH Bar #12888
        Douglas, Leonard & Garvey, P.C.
        14 South Street, Suite 5
        Concord, NH 03301
        (603) 224-1988
        benjamin@nhlawoffice.com

Dated:  March 11, 2021        /s/R. Scott Reisch
        R. Scott Reisch, *pro hac vice*, CO Bar #26892
        Matthew A. Schultz, *pro hac vice*, CO Bar #45461
        Jessica L. Hayes, *pro hac vice*, CO Bar #53905
        The Reisch Law Firm, LLC
        1490 West 121st Avenue, Suite 202
        Denver, CO 80234
        (303) 291-0555
        jessica@reischlawfirm.com

Dated:  March 11, 2021        /s/ Jeffrey S. Bagnell
        Jeffrey S. Bagnell, *pro hac vice*, CT Bar #408159
        Jeffrey S. Bagnell, Esq., LLC
        55 Greens Farm Road, #200-60
        Westport, CT 06880
        (203) 984-8820
        jeff@bagnell-law.com

        and

|  |  |
|---|---|
|  | SIG SAUER, INC.<br>By its attorneys, |
| Dated:  March 11, 2021 | /s/Mark V. Franco<br>Mark V. Franco, NH Bar #16708<br>Drummond Woodsum<br>84 Marginal Way, Suite 600<br>Portland, ME 04101<br>(207) 772-1941<br>mfranco@dwmlaw.com |
| Dated:  March 11, 2021 | /s/ B. Keith Gibson<br>B. Keith Gibson, NY Bar #4176244<br>*pro hac vice forthcoming*<br>Littleton Park Joyce Ughetta & Kelly LLP<br>The Centre at Purchase<br>4 Manhattanville Road, Suite 202<br>Purchase, NY 10577<br>(914) 417-3400<br>keith.gibson@littletonpark.com |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served through ECF this 11th day of March 2021, to all counsel of record.

/s/ Benjamin T. King
Benjamin T. King